IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS SANDOVAL,

      Plaintiff,                           No. CIV 05-2510 DFL PAN P

    vs.

CALIFORNIA MEDICAL FACILITY,

      Defendant.                        ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Despite two prior court orders, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint (See 28 U.S.C. § 1915(a)(2)). (January 10, 2006 and March 30, 2006 Orders.) On April 28, 2006, plaintiff filed a letter stating he had $100.00 and would "pay a little at a time." (Id.)

        Section 1915(a)(2) requires

> a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

1

> complaint . . . , obtained from the appropriate official of each
> prison at which the prisoner is or was confined.

(Id.) Once the court grants plaintiff leave to proceed in forma pauperis, incremental payments based upon the balance of plaintiff's trust account statement and his income will be automatically withdrawn and forwarded to the court. See 28 U.S.C. § 1915(b).

Plaintiff will be provided one final opportunity to submit a certified copy of his prison trust account statement. Plaintiff is cautioned that this court cannot proceed to the merits of his action until plaintiff complies with this requirement.

In addition, plaintiff has filed two letters that appear to allege deliberate indifference to plaintiff's medical needs. (May 5, 2006 and July 17, 2006 letters.) In his most recent letter, plaintiff appears to attempt to add claims to his complaint.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Local Rule 15-220. Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Good cause appearing, plaintiff's original complaint will be dismissed and plaintiff will be granted leave to file an amended complaint. The Clerk of the Court will be directed to provide plaintiff the form necessary for filing a civil rights action pursuant to 42 U.S.C. § 1983.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

2. Plaintiff's December 12, 2005 complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

/////

an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    4.  The Clerk of the Court is directed to send plaintiff the forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

DATED: July 24, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; sand2510.amd